UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DENNIS,

        Petitioner,                    CIVIL CASE NO. 05-40354

v.                                    HONORABLE PAUL V. GADOLA

CLARICE STOVALL,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Petitioner Lisa Dennis has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner, who is currently incarcerated at the Huron Valley Women's Complex in Ypsilanti, Michigan, challenges her conviction for first-degree child abuse.  For the reasons which follow, the Court denies the petition.

**I.**      **Background**

      Petitioner was charged with first-degree child abuse arising from an incident which occurred at the Faith Loving Day Care Center in Southfield, Michigan.  It was alleged that, on January 13, 2003, Petitioner, who was employed at the day care center, submerged a two-year old girl's buttocks in a bowl of water because she was angry at the child.

      Petitioner pleaded no contest in Oakland County Circuit Court to one count of first-degree child abuse.  Her plea was conditioned on the trial court not exceeding the sentencing guidelines.  On November 7, 2003, Petitioner was sentenced to six to fifteen years imprisonment.

      On January 21, 2004, Petitioner filed a motion to withdraw her plea on the ground that she did not fully understand the consequences of her plea, was frightened and under a great deal of

pressure, and is innocent of the crime. The trial court denied the motion.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, presenting the following claims:

> I. Did the trial court abuse its discretion in denying defendant's motion to withdraw her no contest plea without even scheduling an evidentiary hearing on the voluntariness of her plea.
>
> II. Did the trial court abuse its discretion in scoring OV-7 at fifty (50) points, OV-4 at ten (10) points and OV-10 at ten (10) points, thereby requiring resentencing?

The Michigan Court of Appeals denied leave to appeal. *People v. Dennis*, No. 254314 (Mich. Ct. App. Apr. 22, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Dennis*, No. 126214 (Mich. Sup. Ct. Nov. 22, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same claims raised in state court.

## II.     Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application"

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11.

### III. Discussion

#### A. Denial of Motion to Withdraw Plea

Several months after sentencing, Petitioner filed a motion to withdraw her no contest plea on the grounds that her plea was not knowing, understanding or voluntary because she did not understand the consequences of her plea, was frightened and under a great deal of pressure, and is innocent of the crime.

This claim was properly presented on direct review in state court, but, the Michigan Court of Appeals, although denying the claim, did not provide any discussion of the merits of the claim. Where a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must conduct an independent review of the state court's decision. *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 943. However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because

4

the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by her in-court statements regarding her understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

During the plea colloquy, Petitioner stated that no one coerced or pressured her into accepting the plea. *See* Transcript of Plea Proceedings, Sept. 3, 2003. Petitioner was informed as

to the maximum sentence she faced and stated that she understood that, by entering a plea, she was waiving a variety of rights, including her right to a jury trial and her right to question witnesses against her.  Petitioner was given ample opportunity at the plea hearing to inform the trial court judge that she felt pressured into accepting the plea agreement or did not understand its consequences.  She did not do so.  Petitioner is "bound by [her] statements" during the plea colloquy that she was not coerced into entering the guilty plea.  *Id.* at 564 (internal quotation omitted).  In addition, if a defendant's agitated emotional state alone was considered sufficient to render a plea involuntary, the entire plea process would be rendered unworkable.  It is the rare criminal defendant who does not suffer some anguish, agitation, and stress as a result of being charged with a crime and anticipating an impending trial.  *See Miles v. Dorsey*, 61 F.3d 1459, 1470 (10th Cir. 1995) ("Although deadlines, mental anguish, depression and stress are inevitable hallmarks of pretrial plea discussions, such factors considered individually or in the aggregate do not establish that Petitioner's plea was involuntary.").

      Petitioner has failed to show that the trial court's decision to deny her motion to withdraw her plea on the ground that it was not voluntary or knowing was contrary to or an unreasonable application of Supreme Court precedent.  Petitioner's claim that she should have been permitted to withdraw her plea because she is innocent, therefore, is also meritless.  On habeas review, a federal court's inquiry is limited to whether the guilty plea was knowingly and voluntarily entered.  *United States v. Broce*, 488 U.S. 563, 569, (1989); *Ryals v. Ingle*, 990 F.2d 1259 (9th Cir. 1993).  Thus, the Court denies habeas corpus relief on this claim.

      **B.**    **Scoring of Offense Variables**

      In her second claim for habeas corpus relief, Petitioner argues that the trial court incorrectly

scored three offense variables (OV). Specifically, she argues that: (i) OV-4, psychological injury to victim, should have been scored zero points because it had not been demonstrated that the victim might require or had sought and received professional treatment; (ii) OV-10, exploitation of vulnerable victim with intent to manipulate for selfish or unethical reasons, should have been scored zero points because she did not try to manipulate the victim; and (iii) OV-7, victim was treated with terrorism, sadism, torture or excessive brutality, should have been scored a zero because the incident was spontaneous, lasted only seconds, and was without intent to harm.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring her sentencing guidelines is based solely on the state court's interpretation of state law. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604 (2005). "[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). *See also Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (holding that where petitioner seeks relief on the basis of a trial court's application of state sentencing guidelines, petitioner's claim is not cognizable on habeas review); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (holding that "federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures"). This claim, therefore, may not form the basis for habeas corpus relief.

**IV.     Conclusion**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, for the reasons stated above, a certificate of appealability is **DENIED**.  Petitioner has not shown that reasonable jurists would find this Court's ruling debatable, nor has Petitioner made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327, 336-37 (2003).

**SO ORDERED.**

Dated:    April 30, 2007                    s/Paul V. Gadola
                                                                          HONORABLE PAUL V. GADOLA
                                                                          UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on    April 30, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                       William C. Campbell   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                          Lisa Dennis                                           .


                                                         s/Ruth A. Brissaud
                                                         Ruth A. Brissaud, Case Manager
                                                         (810) 341-7845